# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.    1:21-cv-1349 |
| | ) |
| WALMART, INC., | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant, Walmart, Inc., by and through its attorneys, Rynearson, Suess, Schnurbusch & Champion, LLC, remove this case to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1446 upon the following grounds:

## VENUE

1. There is now commenced and pending in the Circuit Court for the Eleventh Judicial Circuit, McLean County, Illinois, a certain civil action designated as No. 21-L-134, in which Jonathan Scott is plaintiff and Walmart, Inc. ("Walmart") is defendant.

2. Defendant removes this case to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1446(a) because the original action was filed in McLean County, Illinois, which is within the Central District of Illinois.

## DIVERSITY OF CITIZENSHIP

3. The district courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

4. Complete diversity of citizenship exists between plaintiff and defendant as required by 28 U.S.C. § 1332(a).

5. Plaintiff is now and was at the commencement of this action a citizen of the State of Illinois.

6. Defendant Walmart is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas. Walmart is a citizen of the States of Delaware and Arkansas.

## AMOUNT IN CONTROVERSY

7. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

8. This action involves a claim for personal injuries and damages in excess of $50,000. (See Complaint and attached Affidavit signed by plaintiff's counsel). Plaintiff claimed that, as a result of the alleged incident, he sustained past and future pain and suffering, past and future emedical bills, post and future loss of a normal life, and lost wages (Complaint, ¶ 13).

9. The District Courts adhere to a policy favoring prompt removal of cases so that a defendant should effect removal when it appears likely from the face of the complaint that the amount in controversy exceeds $75,000, even when the complaint does not explicitly demand a figure exceeding $75,000. *McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Fields v. Jay Henges Enterprises, Inc.*, 2006 WL 1875457, at 3 (S.D. Ill. 2006). In *Fields*, the Southern District of Illinois held:

> The purpose of requiring prompt removal of cases in which federal jurisdiction is apparent on the face of a complaint is to avoid gamesmanship. The "policy and purpose of Congress [is] to effect removals as early as possible and avoid unnecessary delay." *Gilardi v. Atchison, Topeka & Santa Fe Ry. Co.*, 189 F. Supp. 82, 85 (N.D. Ill.1960). Correspondingly, courts should not encourage

>parties to "hold [ ] back" their "federal cards." *Wilson*, 668 F.2d at 966. "If a [defendant] has good grounds to remove a case to federal court, it cannot experiment in state court before seeking removal." *Gallagher v. Max Madsen Mitsubishi*, No. 90 C 0508, 1990 WL 129611, at *5 (N.D. Ill. Aug. 27, 1990). When a defendant fails to effect timely removal of a case that "[is] removable on the initial pleading, the plain language of ... [28 U.S.C.] § 1446(b) applies," so that "[if] the notice of removal [is] not filed within 30 days of the date [the defendant] was served with the original complaint, the removal [is] untimely." *Id.*

*Fields*, 2006 WL 1875457 at 3; see also *Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex.2000) (noting that a complaint "can facially state a claim over the jurisdictional amount when there are no numbers in the [complaint] at all,").

10. When the complaint itself does not explicitly establish the amount in controversy, the district court may look outside the pleadings to other evidence of jurisdictional amount in the record to determine if the amount in controversy requirement is met. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006); *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (holding that defendant may establish amount in controversy through interrogatories, contentions, or admissions in state court, calculations of damages in the complaint, reference to plaintiff's settlement demands or informal estimates, or by introducing affidavits from employees or experts about how much it may cost to satisfy plaintiff's demands); *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997).

11. Prior to filing his complaint, plaintiff produced medical records and bills to Walmart's claims adjusters. These records revealed that plaintiff sustained an ACL tear, meniscus tear, and various other injuries to his right knee as a result of the incident. On October 13, 2020, plaintiff underwent surgery to repair the injuries to his right knee. To date, plaintiff's medical bills total $82,418.53.

12. Further, prior to filing suit, counsel for plaintiff issued a settlement demand in the amount of $180,000. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (explaining that a court may consider settlement demands as evidence in determining the amount in controversy for purposes of removal).

12. Based on the alleged past and future medical expenses, the alleged wage loss, the alleged past and future pain and suffering, the alleged past and future loss of a normal life, counsel for plaintiff's $180,000 settlement demand, the nature of plaintiff's injuries and treamtent, and counsel for plaintiff's affidavit that plaintiff's alleged damages exceed $50,000, defendant asserts to the Court that a preponderance of the evidence known to date establishes that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## TIMELINESS

13. Plaintiff filed the Complaint on October 18, 2021, and served defendant with the Complaint and Summons on October 26, 2021.

14. This notice of removal was filed within thirty days after receipt by defendant of the initial pleading pursuant to 28 U.S.C. § 1446(b) and within one day of learning the amount in controversy exceeded $75,000.

## NOTICE REQUIREMENTS

15. Written notice of the filing of this removal was given to plaintiff pursuant to 28 U.S.C. § 1446(d).

16. A copy of this notice of removal was filed with the Eleventh Judicial Circuit, McLean County, Illinois, as required by 28 U.S.C. §1446(d).

17. A copy of all process and pleadings were filed contemporaneously with this notice of removal in accordance with 28 U.S.C. §1446(a).

WHEREFORE, defendant, Walmart, Inc., removes this case to the United States District Court for the Central District of Illinois and hereby requests that the filing of this notice of removal shall effect the removal of said civil action to this Court.

**DEFENDANT DEMANDS TRIAL BY JURY**.

        RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION, LLC

By /s/James E. DeFranco
    James E. DeFranco, #6181134
    Nicholas C. Martin, #6324298
    141 Market Place, Suite 104
    Fairview Heights, IL 62208
    (618) 628-2000
    (618) 628-2007 Fax
    defranco@defrancolaw.com
    martin@defrancolaw.com
    ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VICKIE WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   1:21-cv-1349 |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT

STATE OF ILLINOIS      )
                                    ) SS
COUNTY OF ST. CLAIR  )

    James E. DeFranco, being duly sworn upon his oath, deposes and states that he is an attorney for defendants herein, that he has read the foregoing Notice for Removal and believes it to be true, and that he makes this affidavit as an agent authorized to execute same on behalf of defendants.

                                        /s/James E. DeFranco
                                        JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 23rd day of November 20211.

"OFFICIAL SEAL"
MARIE G. AGNE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022

/s/Marie G. Agne
NOTARY PUBLIC

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VICKIE WALLACE, | ) | |
| Plaintiff, | ) ) ) ) | |
| vs. | ) | No.    1:21-cv-1349 |
| WALMART, INC., | ) ) ) ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

James E. DeFranco, after being duly sworn upon his oath, deposes and states that he is an attorney for defendant in the above-entitled cause; that on the 23rd day of November 2021, he sent by e-mail a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

Affiant further says that on the 23rd day of November 2021, a copy of the Notice for Removal filed herein was also electronically filed with Clerk of the Eleventh Judicial Circuit Court, McLean County Courthouse, Illinois.

/s/James E. DeFranco
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 23rd day of November 20211.

"OFFICIAL SEAL"
MARIE G. AGNE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022

/s/Marie G. Agne
NOTARY PUBLIC